[Docket No. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KHALID RASOUL BEY, *on behalf of Kenya K. Rains-Raginwald*,<br><br>Plaintiff,<br><br>v.<br><br>SEAN COMBS, *et al.*,<br><br>Defendants. | Civil A. No. 24-10342 (RMB-MJS)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

**THIS MATTER** comes before the Court upon the filing of a Complaint and application to proceed *in forma pauperis* ("IFP") by *pro se* Khalid Rasoul Bey, on behalf of Kenya K. Rains-Raginwald. [Docket No. 1 ("Compl."); Docket No. 1-2 (IFP).] Plaintiff's IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be granted.

## I. SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to

state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II. BACKGROUND

Plaintiff initiated this action apparently on behalf of Kenya K. Rains-Raginwald. It is unclear what the relationship between Plaintiff and Rains-Raginwald is. Plaintiff names as Defendants "Sean 'Puffy' Combs," "Mariah Carrie [sic] (singer)," "Ashton Kusher [sic] (Actor)," "Virtue Medical of New Jersey," among others. Plaintiff has elected "diversity of citizenship" as the basis for this Court's jurisdiction. [Compl. at 2.] The Complaint describes that Rains-Raginwald was "sold by parents" and ended up in foster care and "Mariah Carrie's camp for children," where Rains-Raginwald experienced certain sexual contact. It is unclear where this camp was located. Plaintiff claims that "Mariah kissed the side of my lip" and that there were other children at the camp who were being "groomed" along with Rains-Raginwald. Plaintiff's statement ends with: "there is over 20 years of information with known celebrities and companies." [*Id.* at 3.] No other information is provided.

### III. SUBJECT MATTER JURISDICTION

The Court has an independent obligation to satisfy itself of its subject matter jurisdiction, and the Court "always has jurisdiction to determine its [own] jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (citing 28 U.S.C. §§ 1331, 1332(a)).

In the Complaint, Plaintiff only asserts that the Court has diversity jurisdiction over the claims. [Compl. at 2–3.] Critically, under 28 U.S.C. § 1332, there must be complete diversity of citizenship among the parties, meaning each plaintiff is domiciled in a different state than each defendant, and the amount in controversy exceeds $75,000. The citizenship of each party must be specifically alleged. *Martin v. Aurora Fin. Grp., Inc.*, No. 24CV04210RMBMJS, 2024 WL 1485461, at *3 (D.N.J. Apr. 5, 2024) (citing *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006)).

Plaintiff's state of citizenship is listed as New York and Defendants' states of citizenship are listed as New York, New Jersey, North Carolina, and Texas. [*Id.* at 3.] It is unclear which Defendant corresponds to each state, but what is abundantly clear

3

is that complete diversity of citizenship does not exist.[1] Both Plaintiff and at least one Defendant are citizens of New York. As complete diversity of citizenship is lacking, the Court does not have subject matter jurisdiction over this litigation based upon diversity of citizenship.[2]

Plaintiff does not assert that the Court has federal question jurisdiction over the claims asserted. And the Complaint does not indicate which Constitutional, statutory, treaty, or other federal rights may be at issue. Nonetheless, the Court has independently reviewed the allegations to determine whether they state a federal cause of action. "Federal question jurisdiction exists only if a federal question is presented on the face of the complaint." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (citing *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir.2002)). Plaintiff alleges that Rains-Raginwald was "groomed," left in foster care, and sent to a camp for children and was subjected to sexual contact there. Even under the liberal reading that this Court gives the Complaint, *see Erickson*, 551 U.S. at 94, the Court is unable to discern a federal question from these allegations.

---

[1] The Court observes that Defendant Combs is alleged to be incarcerated. For purposes of diversity jurisdiction, prisoners "presumptively retain their prior citizenship." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013) (citations omitted).

[2] The Complaint also fails to provide any allegations as to the amount in controversy. "Boilerplate language concerning the amount in controversy and the nature and extent of a plaintiff's injuries will not suffice to establish the jurisdictional minimum as such language is tantamount to no allegation at all." *Martin*, 2024 WL 1485461, at *3.

In the event Plaintiff believes that he is able to establish this Court's subject matter jurisdiction, he may file an amended complaint that clearly sets forth the basis for the Court's subject matter jurisdiction, including which federal right he is asserting (if asserting federal question jurisdiction), or setting forth the requirements of diversity of citizenship (if asserting diversity of citizenship jurisdiction).

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff IFP application will be **GRANTED**. Upon screening, however, Plaintiff's Complaint will be **DISMISSED WITHOUT PREJUDICE** for failure to establish subject matter jurisdiction. If Plaintiff chooses to file an amended complaint, Plaintiff may do so within thirty (30) days. An appropriate Order shall issue on this date.

Dated: <u>May 1, 2025</u>                                           **s/Renée Marie Bumb**
                                                                                      RENÉE MARIE BUMB
                                                                                      Chief United States District Judge